NATIONAL BOULEVARD BANK OF CHICAGO, Trustee, *et al.*, Plaintiffs-Appellees, *v.* THE DEPARTMENT OF TRANSPORTATION, DIVISION OF HIGHWAYS, *et al.*, Defendants-Appellants.

First District (5th Division)   No. 78-861

Opinion filed October 26, 1979.

Leonard W. Golan, Robert C. Thomas, Richard A. Redmond, Nicholas S. Limperis, and Kinnaird & Kinnaird, all of Chicago (Dorothy Kirie Kinnaird and R. Burke Kinnaird, of counsel), for appellants.

Darnell, Polachek & Associates, of Franklin Park, for appellees.

Mr. JUSTICE WILSON delivered the opinion of the court:

Defendants appeal an order of the trial court entered after we had reversed and remanded its earlier finding that a 13.3-foot strip of plaintiffs' real estate had become a highway by prescription. Defendants contend that (1) a finding which led to the entry of the trial court's order was contrary to the holding and mandate of the appellate court; and (2) the relief granted to plaintiffs in the form of a determination of damages was contrary to the common law and the Illinois Sovereign Immunity Act. We reverse and remand.

On May 5, 1975, plaintiffs filed suit against defendants, claiming that defendants had begun and had threatened to continue to construct a public roadway on property which they owned. As relief, plaintiffs requested an injunction and "such other and further relief as the Court may deem equitable and proper." On May 6, the trial court granted

plaintiffs' motion for a temporary restraining order to prevent imminent danger of losing use of their property. On May 20, defendants, village of Franklin Park, Jack B. Williams, and Nick Zographos, the planner and supervisor of the construction project, filed their answer and a counterclaim that an entire 13.3-foot strip on plaintiffs' property had become a highway by prescription (Ill. Rev. Stat. 1975, ch. 121, par. 2—202) and thus they were legally entitled to do construction work on that 13.3-foot strip. As relief, they requested an injunction preventing plaintiffs from interfering with the construction work on the 13.3-foot strip of land. After evidence had been presented, the trial court found that the 13.3-foot strip had become a highway by prescription because the strip had been "used by the public as a highway for a period of more than fifteen years prior to the commencement of this cause, which use was under a claim of right, adverse, open, notorious, exclusive, continuous and uninterrupted over a well defined line of travel." As a result, the court denied plaintiffs' request for an injunction. Plaintiffs then filed a post-trial motion requesting the court to vacate its order and to reiterate certain findings of fact which they claimed the court made, including a finding that the court was not able to determine the exact extent of plaintiffs' property which had become a highway by prescription. The trial court denied plaintiffs' motion.

This court reversed the trial court's decision and remanded the case to the trial court with instructions to conduct "further proceedings to determine the appropriate relief due plaintiffs." (*National Boulevard Bank v. Department of Transportation* (1976), 42 Ill. App. 3d 820, 825, 356 N.E.2d 904, 908.) Reversal was based on a finding that defendants had not proven that the public used the 13.3-foot strip as a definite and certain line of travel and in a continuous and uninterrupted manner. In making this finding, we stated that defendants' witnesses "at best, only showed that some smaller, more irregularly shaped area might have been used." 42 Ill. App. 3d 820, 824, 356 N.E.2d 904, 908.

After our mandate had been issued, plaintiffs filed a motion requesting the trial court to enter an order, after a hearing, finding (1) the legal description of the entire parcel of real estate owned by them; (2) the legal description of the property taken or used for highway purposes and the amount of compensation to be paid by defendants for that property; (3) the legal description of the property not taken but damaged by defendants and the amount of compensation to be paid by defendants for such property; and (4) the length of the construction period and the portion of plaintiffs' property used but not damaged during that period and the amount of compensation to be paid by defendants for use of such property. Alternatively, plaintiffs requested that the court enter an order that defendants restore plaintiffs' property to the same condition in which

it was prior to the construction and pay for their use during construction, plaintiffs' loss of use, and plaintiffs' costs. After memoranda were filed by the parties, the trial court found that (1) the appellate court held that defendants had failed to prove their counterclaim; (2) no portion of plaintiffs' property had become a highway by prescription; and (3) plaintiffs were entitled to damages for the construction upon and commitment to highway use by defendants of the 13.3-foot strip of land. As a result of these findings, the court ordered the case to be transferred to the law division for a hearing to determine the damages due plaintiffs. The court also expressly made its order final and appealable.

OPINION

Defendants contend that the finding of the trial court that *no* portion of plaintiffs' property had become a highway by prescription was contrary to the holding, and mandate of this court. We reversed the trial court's judgment that the *entire* 13.3-foot strip of property had become a highway by prescription and remanded the cause with directions that the trial court conduct "further proceedings to determine the appropriate relief due plaintiffs." Defendants argue that the appellate court's order only disposed of the question of whether *the entire* 13.3-foot strip of plaintiffs' property had become a highway by prescription and that the trial court would have to conduct further proceedings to determine if any lesser portion of plaintiffs' property had become a highway by prescription before the question of relief could be determined. Plaintiffs, on the other hand, argue that the trial court's order disposed of the question of whether *any* of the 13.3-foot strip had become a highway by prescription and thus, the trial court's order was in accordance with the appellate court's holding and mandate. We find that the trial court's order did not comply with the holding and mandate of the appellate court and we, therefore, reverse the order of the trial court.

■■■ When a judgment is reversed and remanded the trial court is bound by the appellate court's resolution of the questions presented to it and must proceed in a manner consistent with the appellate court's directions. (*City of Lockport v. County Board of School Trustees* (1976), 42 Ill. App. 3d 578, 356 N.E.2d 420.) In the instant case, the only question which this court resolved in the initial appeal was whether the *entire* 13.3-foot strip of property had become a highway by prescription. This is clear both from the opinion and from the fact that the trial court judgment being considered on appeal was a judgment on a counterclaim that the *entire* 13.3-foot strip of property had become a highway by prescription. Since a decision on appeal is binding only on the question presented, the appellate court could not have ruled on anything other than the question of whether the entire 13.3-foot strip had become a highway by prescription. This being so, the trial court should have conducted further

proceedings to determine whether any portion of the property had become a highway by prescription. A resolution of this question was necessary because without it the appropriate relief due plaintiffs could not be determined. Although the appellate court's directions to the trial court did not specifically order such further proceedings, we believe that such proceedings were consonant with the statement in its opinion that some lesser portion of plaintiffs' property *might* have become a highway by prescription.

Upon remand of this cause, we direct the trial court to find and declare on the present record and such further proceedings as may be deemed necessary the following: (1) whether or not some lesser portion of plaintiffs' property has become a highway by prescription, and the nature and extent thereof; (2) the nature and extent of the title or rights of plaintiffs' property taken by defendants for highway purposes, exclusive of the portion, if any, acquired by prescription; (3) the nature and extent of any damages to the remainder of plaintiffs' property not taken, resulting from defendants' actions; (4) whether the taking or damaging of any property of plaintiffs was by the Illinois Department of Transportation or by the village of Franklin Park; and (5) whether any of the individual defendants are liable therein.

The Illinois Constitution, in prohibiting the taking or damaging of private property for public use without just compensation (Ill. Const. 1970, art. I, §15), also provides the basic law for recovery of compensation and damages herein. (See *Roe v. County of Cook* (1934), 358 Ill. 568, 193 N.E. 472.) In the event that the court determines that the taking was solely by the State of Illinois, any recourse against the State for a monetary recovery cannot be here maintained because of the State's immunity from a suit for damages. (Ill. Rev. Stat. 1975, ch. 127, par. 801.) Any such claim would have to be pursued in the Court of Claims. In the event that the taking is by the village, any compensation to be awarded by the court must be determined by a jury in accordance with the constitutional provision. Alternatively, further or other relief may be considered, including an order providing that unless compensation is agreed upon within a specified period that defendants be enjoined from use of the property and ordered to restore the property to its original condition.

Consistent with the foregoing, the order of the trial court entered upon our prior remand is reversed and the case is again remanded to the trial court for further proceedings to determine the appropriate relief due plaintiffs, not inconsistent with this opinion.

Reversed and remanded.

SULLIVAN, P. J., and MEJDA, J., concur.