THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* BRUCE A. WEBB, Defendant-Appellee.

Fourth District   No. 4—82—0085

Opinion filed September 16, 1982.

Edward Litak, State's Attorney, of Danville (Robert J. Biderman and Garry W. Bryan, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Daniel D. Yuhas and Janet Sinder, both of State Appellate Defender's Office, of Springfield (John M. Wray, law student, of counsel), for appellee.

JUSTICE WEBBER delivered the opinion of the court:

Under the authority of Supreme Court Rule 604(a)(1) (87 Ill. 2d R. 604(a)(1)) the State appeals an order of the circuit court of Vermilion County which suppressed evidence.

Since this case possesses an anomalistic and unconventional history, a brief recapitulation of prior proceedings is appropriate. Defendant was stopped by a police officer in April 1980; the stop led to a search of defendant's vehicle, an arrest of defendant, and a subsequent charge of possession of controlled substances, cocaine, and cannabis. A motion to suppress the evidence obtained as a result of the search was filed and heard in the circuit court of Vermilion County by Judge Paul Wright, who allowed the motion and suppressed the evidence.

The State appealed the suppression order to this court. We reversed in an unpublished order. (*People v. Webb* (1981), 92 Ill. App. 3d 1200 (Rule 23 order).) For the purposes of this opinion, the significant

portion of that order stated:

> "Therefore, the oral order of the circuit court of Vermilion County suppressing evidence is reversed and the cause is remanded for further proceedings.
>
> Reversed and remanded."

The accompanying mandate issued by the clerk of this court stated in pertinent part:

> "It is the decision of this court that the order on appeal from the circuit court be REVERSED and the cause be RE-MANDED to the Circuit Court for the Fifth Judicial Circuit, Vermilion County for such other proceedings as required by the opinion or order of this court, a copy of which is attached hereto."

Upon remand, a hearing was convened before Judge James Robinson. The State argued that our order foreclosed any further evidentiary hearing; defense counsel argued *contra*, that a hearing *de novo* on the entire matter was required. Judge Robinson noted:

> "Having determined under the unusual circumstances of this case, and by that I mean merely the fact I was not the judge that heard the original hearing, nor is he presently assigned to this court, nor was I able to legally interpret the remand order as a mandatory direction to deny the motion to suppress on the basis of the Appellate Court Order, that record is already made, I elected to proceed anew with a new evidentiary hearing."

The hearing then proceeded and resulted in a second order suppressing evidence, this being the order now under appeal. Since we have concluded that the trial court erred in holding the *de novo* hearing, no recitation of the facts adduced at that hearing is required.

█ █ In our opinion the instant case is controlled by what is commonly called the doctrine of the law of the case. This doctrine holds that when a judgment of a trial court is reversed and remanded, the trial court is bound by the reviewing court's resolution of the questions presented to it and must proceed in a manner consistent with the reviewing court's directions. (*National Boulevard Bank v. Department of Transportation* (1979), 78 Ill. App. 3d 168, 397 N.E.2d 91.) The parties agree on the statement of the doctrine, but they part company on its application. The State also argues collateral estoppel. We find it inapplicable, since it applies to relitigation at the trial level prior to appeal.

Defendant argues that the law of the case is open to interpretation in the case at bar because our order and the mandate accompany-

ing it do not direct the trial court to proceed to trial nor do they specifically preclude another suppression hearing. While it is true there is no direction to proceed to trial, we find that to be implicit in our order and mandate. The nature of the order is such as to foreclose the subject of suppression of evidence. *Merrill v. Drazek* (1978), 58 Ill. App. 3d 455, 374 N.E.2d 792.

In a case of this nature, that is, an interlocutory appeal, this court of necessity prepares a mandate both in specific and in general terms. We have no way of knowing what other motions or proceedings may be pending in the court below and a direction to proceed to trial would foreclose any other pretrial maneuvering, including some disposition other than trial. On the other hand, the precise question presented, that is, probable cause to justify the search, was specifically ruled upon and under the law of the case this ruling permits no deviation.

In Webster's Dictionary of Synonyms 331 (1st ed. 1951) it is stated:

> "*[F]urther* etymologically implies onwardness or an advance or an addition, as in movement or progression, not only in space, but in time, quantity, degree, or the like; ***." (Emphasis in original.)

Reduced to simpler terms, this definition says, "Go forward, don't back up," and this is exactly what a remand for further proceedings means. As was said in *Roggenbuck v. Breuhaus* (1928), 330 Ill. 294, 297-98, 161 N.E. 780,781:

> "After a judgment is reversed and the cause is remanded the inferior tribunal can take only such further proceedings as conform to the judgment of the appellate tribunal. If specific directions are given nothing can be done except carry out those directions. If no specific directions are given it must be determined from the nature of the case what further proceedings will be proper and not inconsistent with the opinion. It is not required that specific directions shall be stated in an order reversing a judgment and remanding a cause, and it is the duty of the court to which the cause is remanded to examine the opinion and proceed in conformity with the views expressed in it."

■ As applied to the case at bar, this principle means that the order suppressing evidence was specifically reversed; the evidence was admissible; and the case was returned to the trial court to pick it up and go forward from that point in whatever fashion seemed appropriate. We do not find our prior order, nor the mandate, ambiguous or

subject to interpretation.

Defendant, however, argues further that at the time of the first appeal this court considered evidence which was not considered by the trial court and based our conclusions upon that evidence. From this premise, he argues that a new suppression hearing was warranted in order that such evidence could be considered at the trial level. We disagree.

This contention arises from the fact that in our prior Rule 23 order we made reference to lighting conditions at the time the defendant was stopped and his vehicle searched. We indicated that in addition to other conditions the record disclosed that the officer shone his flashlight into the passenger compartment. This information was contained in certain police reports which were part of the record.

■■ ■ Defendant contends that the police reports were introduced only with reference to the inventory search which was made of the vehicle. The record does not so indicate; no restriction was placed upon them. The rule is that when no limiting motion is placed upon evidence received into a record, that evidence is admitted generally. (*Storm v. Brown* (1973), 15 Ill. App. 3d 29, 303 N.E.2d 42.) Moreover, "upon review the entire record may be considered to determine whether the officers made the arrest and seizure with probable cause." *People v. Dennison* (1978), 61 Ill. App. 3d 473, 477, 378 N.E.2d 220, 223.

We also point out that the lighting conditions were not the basis of our Rule 23 order. The fundamental flaw in the first proceeding was a misapplication and misapprehension by that trial judge of the doctrine of *Chambers v. Maroney* (1970), 399 U.S. 42, 26 L. Ed. 2d 419, 90 S. Ct. 1975. The prior order of suppression was reversed on a legal issue, not on a matter of fact.

Our prior order became the law of the case, and it was error for the trial court to hold a *de novo* hearing and enter a new order of suppression. That new order is a nullity and it is vacated and set aside. The cause is again remanded for further proceedings.

Vacated and remanded.

LONDRIGAN and TRAPP, JJ., concur.