THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. RONALD ABATA *et al.*, Defendants-Appellees.

Second District   No. 2—84—0557

Opinion filed August 30, 1985.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Barbara A. Preiner, Assistant State's Attorney, and Phyllis J. Perko and Cynthia N. Schneider, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

John N. Pieper and Aldo E. Botti, both of Botti, Marinaccio, Maksym & DeSalvo, Ltd., of Oak Brook, for appellees.

JUSTICE STROUSE delivered the opinion of the court:

On November 17, 1982, the defendants were charged in an eight-count indictment with unlawful possession of controlled substances and unlawful possession with the intent to deliver controlled substances in violation of sections 401 and 402 of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1981, ch. 56½, pars. 1401(a)(2), (d), (f), 1402(a)(2), (b)), and unlawful possession of cannabis and unlawful possession with the intent to deliver cannabis in violation of sections 4 and 5 of the Cannabis Control Act (Ill. Rev. Stat. 1981, ch. 56½, pars. 704(e), 705(e)). The trial court granted the defendants' motion to suppress the evidence. The State appeals, raising one assignment of error: whether the trial court erred in granting a hearing, quashing the search warrant and suppressing the evidence when the defendants challenged the veracity of the affidavit in the complaint for the search warrant.

On October 29, 1982, a search warrant was issued pursuant to the sworn complaint of Officer Frank Garza. The complaint for search warrant stated that on October 28, 1982, the affiant had a conversation with a reliable informant who told him that on October 27, 1982, he had been inside the residence located at 267 East Fullerton Avenue in Elmhurst, and that a 5 feet 6 inches, 135 pounds, 33-year-old, brown-haired, white female known as "Cathy" asked him if he would like to "snort" cocaine. Having affirmatively responded, the informant stated that Cathy left the room for approximately one minute and returned carrying a clear plastic bag containing two ounces of white powder. The informant stated that Cathy formed two lines of the white substance on a mirror and that he and Cathy "snorted" the cocaine using a straw. The informant stated that Cathy asked him how he liked the cocaine, at which time he responded that he had tried

better. Cathy then told him that she would get some better cocaine from her husband Ron, who was going to Florida to get pure cocaine. According to the affiant/officer, the informant had provided information on three occasions within the past year regarding the existence of narcotics which resulted in three narcotics raids with arrests. The informant stated he was familiar with cocaine and received the same "high" on October 27, 1982, as he had during the past three years in which he had used cocaine.

Pursuant to the search warrant, law enforcement officials searched the defendants' private residence and found cocaine, pentazocine, diazepam, and marijuana on the premises.

Subsequently, on July 8, 1983, defendant Kathleen Abata filed an amended motion to suppress the evidence, accompanied by her affidavit which attacked the validity of the search warrant. The motion and affidavit stated facts alleging that all the facts in the complaint for warrant were untrue and that the incidents described in the complaint for search warrant did not occur. The motion alleged that the officer's recitation of facts within the warrant were either known by him to be false and intentionally made or made with a reckless disregard for their truth because the officer failed to put one fact or statement in the complaint to corroborate any details.

The State filed a motion to strike the motion to suppress arguing that the motion challenged the veracity of the anonymous informant, but not the oath of the officer/affiant under *Franks v. Delaware* (1978), 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674. On December 1, 1983, the court determined that a hearing should be held and set the date. The State argued again that the defendants' motion for a hearing failed to meet the *Franks* requirements. The trial court permitted an evidentiary hearing, finding defendants' allegation, that the information furnished by the informant was false, provided a sufficient basis to allow the hearing. The State again filed a motion to strike on the ground that it did not challenge the oath of the officer who was the affiant.

The evidentiary hearing was held on May 16, 1984. Defendant, Ronald Abata, joined in the motion to suppress. The defense produced seven witnesses. Most of these witnesses were Ronald's friends, and not Kathleen's. Each witness testified that they were on the premises and denied anyone else being present. The witnesses also denied the affirmative facts which the informant had stated to the police officer who signed the warrant. Kathleen also testified, denying the affirmative facts alleged by the informant which appeared in the officer's affidavit.

The evidence reveals that the two defendants and their children were the only occupants of the premises from 12 midnight until 7:15 a.m. At that time, Ronald's nephew was in the house for approximately 45 minutes. The nephew returned at 9:30 for about an hour, and during that time a friend came into the house for approximately 10 minutes. The friend then went to the rear of the house to load wood until 1 p.m. He could not see the front door and did not see anybody enter the house. From 11 a.m. to 1 p.m., the defendants were not at home. A friend came at 2 p.m. for a few minutes. Defendant's brother came to the house for about 20 minutes at 2:40. From approximately 3 p.m. to 4 p.m., another friend appeared. From 6:30 to 10:30 p.m., two more friends came to visit. The defendant testified that she left at 7:30 p.m. to visit a friend. This friend testified that Kathleen was at her house until 10:30 p.m.

The defendants then moved for production of the informant. The State refused to produce him, and the defense rested. The State then moved for a finding that the defendants failed to sustain their burden, since no evidence was presented questioning the veracity of the officer/affiant. The State's motion was denied. The State rested, stating that it would not call the officer/affiant because he might be asked to reveal the informant's identity on cross-examination. The trial court granted the defendants' motion to suppress.

The State first contends on appeal that the trial court erroneously allowed the evidentiary hearing and misapplied the holding of *Franks v. Delaware* (1978), 438 U.S. 154, 57, L. Ed. 2d 667, 98 S. Ct. 2674, because the allegations in defendants' motion to suppress amounted to nothing more than a general denial of the facts within the complaint for search warrant rather than a direct attack on the affiant's veracity. It argues that the falsehood must emanate from the affiant, *viz.*, Officer Garza, and that no testimony established that Officer Garza had intentionally lied or recklessly disregarded the truth.

Conversely, the defendants urge that the evidentiary hearing was properly allowed because their motion to suppress and affidavit raised an inference that the informant did not exist. The defendants also argue that the State's "unjustified refusal" to divulge the informant's identity further infers that no informant existed.

■ The State filed an amended notice of appeal to an order dated June 13, 1984, which quashed the search warrant and granted defendants' motion to suppress. One of the State's claims of error is the granting of the *Franks* evidentiary hearing. However, its notice of appeal does not mention the order of December 1, 1983, which allowed the *Franks* hearing. Supreme Court Rule 606(d)(4) requires the notice

of appeal to show the date of the judgment or order appealed from. (87 Ill. 2d R. 606(d)(4).) Generally, when an appeal is taken from a specified judgment only, a reviewing court does not acquire jurisdiction to review other judgments or orders which are not appealed from in the notice of appeal. (See *People v. Hayes* (1969), 108 Ill. App. 2d 359, 362.) This court, therefore, need not decide that matter.

■ We next consider whether the motion to suppress should have been allowed. Once the trial court orders a search warrant quashed and evidence suppressed, that order will be reversed only where it is manifestly erroneous. *People v. Redmond* (1983), 114 Ill. App. 3d 407, 417; *People v. Brumfield* (1981), 100 Ill. App. 3d 382, 385.

It is well established in Illinois, before *Franks*, that a defendant could not impeach the veracity of the sworn statement upon which a search warrant was issued. (*People v. Bak* (1970), 45 Ill. 2d 140, *cert. denied* (1970), 400 U.S. 882, 27 L. Ed. 2d 121, 91 S. Ct. 117; *People v. Stansberry* (1971), 47 Ill. 2d 541, *cert. denied* (1971), 404 U.S. 873, 30 L. Ed. 2d 116, 92 S. Ct. 121.) The United States Supreme court, in *Franks*, held that an absolute ban upon post-search impeachment of veracity is not justified and under certain circumstances impeachment must be permitted. (*Franks v. Delaware* (1978), 438 U.S. 154, 155-56, 57 L. Ed. 2d 667, 672, 98 S. Ct. 2674, 2676.) The holding in *Franks* represents a limited exception to the general rule of *Bak* and *Stansberry*, a rule which, otherwise, remains good law. *People v. Laws* (1981), 84 Ill. 2d 493, *cert. denied* (1981), 454 U.S. 817, 70 L. Ed. 2d 86, 102 S. Ct. 96; *People v. Townsend* (1980), 90 Ill. App. 3d 1089.

■ The *Franks* court found that the deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not the informant. (*Franks v. Delaware* (1978), 438 U.S. 154, 171, 57 L. Ed. 2d 667, 682, 98 S. Ct. 2674, 2684.) *Franks* also held that allegations of negligence or innocent mistake with respect to the affidavit are insufficient. "There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof." (438 U.S. 154, 171, 57 L. Ed. 2d 667, 682, 98 S. Ct. 2674, 2684.) Defendant has the burden to prove this by a preponderance of the evidence. It is only after a finding by the trial court of deliberate falsity or reckless disregard of the truth by the affiant that the court may consider the motion to quash. 438 U.S. 154, 156, 57 L. Ed. 2d 667, 672, 98 S. Ct. 2674, 2676.

The court in *People v. Garcia* (1982), 109 Ill. App. 3d 142, 147, *cert. denied* (1983), 460 U.S. 1040, 75 L. Ed. 2d 792, 103 S. Ct. 1433, applied the *Franks* standard, and reversed the trial court for denying an evidentiary hearing. In *Garcia*, in addition to affidavits which set

forth the falsity of information provided by an informant, the affidavit also specifically alleged a false statement by the officer/affiant. (109 Ill. App. 3d 142, 145.) In the present case, defendants' affidavit never specifically attacked the credibility of the officer/affiant, but only indirectly attacked his credibility through an inference.

Again, this court recently considered a similar situation in *People v. Redmond* (1983), 114 Ill. App. 3d 407. In that case, during the evidentiary hearing, evidence was adduced showing: the frustration of the officer because she had attempted to gain admission to the defendant's residence on two prior occasions but was unsuccessful; the fact that she did not testify; the information in the complaint for warrant was false; and, certain offhand remarks made by the officer during the search. The court found that the officer/affiant had either lied or exhibited a reckless disregard for the truth and, therefore, granted the motion to suppress. (114 Ill. App. 3d 407, 410-11.) This court upheld the motion to quash finding that the evidence adduced was more than adequate to meet the burden of proof which the defendant must make. (114 Ill. App. 3d 407, 417.) Contrary to the present case, the court in *Redmond* specifically found the officer/affiant lied or exhibited a reckless disregard for the truth.

In *People v. Martine* (1985), 106 Ill. 2d 429, 437, our supreme court affirmed the trial court's order refusing an evidentiary hearing to suppress evidence. The court found the affidavits on which the defendant relied did not make a substantial preliminary showing that *Franks* requires. The affidavits of two of the witnesses, similar to the affidavits in the present case, did not negate the possibility that the purchase of which the affiant stated he was informed occurred while they were away from the premises. (106 Ill. 2d 429, 435.) Furthermore, as in the present case, the defendants' affidavit did not allege facts which showed that the officer/affiant knew or should have known that the informant's information was false. (106 Ill. 2d 429, 436.) Similar to the defendants' argument in the case at bar, the defendant, in *Martine*, argued that unless the informant is produced or the officer can be questioned regarding the informant's identity, a person who is the object of a search conducted pursuant to a warrant has no way of knowing or showing whether the informant actually exists or has been fabricated by the officer. However, in *Martine*, the defendant's motion to force the production of the informant was denied by the trial court, and the Illinois Supreme Court held that, under *Franks*, the question did not need to be answered because there had not even been a substantial preliminary showing of falsity. (*People v. Martine* (1985), 106 Ill. 2d 429, 436-37; see *People v. Verdone*

(1985), 107 Ill. 2d 25, 31-32.) We also need not decide that question in the present case since there has been no showing that the officer/affiant lied or exhibited a reckless disregard for the truth.

■■ While the court in *Martine* considered whether a hearing should be held, the basis for the hearing and for granting the motion to suppress remain substantially the same in the present case. The trial judge found defendants' witnesses were credible, they were impeached on minor matters only, and the State presented no evidence. The defendants testified to facts which left gaps in the chronology of events surrounding the incident. While this was considered credible by the trial court, the judge never found the police officer swore falsely or exhibited a reckless disregard of the truth. The defendants argue it could be inferred that the informant lied as to all the material facts in the affidavit and from this inference the trial court could infer there was no informant and further infer that the police officer lied. This is not the effect of the ruling in the *Franks* case. The defendants must establish, by a preponderance of the evidence, that the affiant lied or exhibited a reckless disregard for the truth. Further, it is only after a finding by the trial court of deliberate falsehood or reckless disregard of the truth by the officer/affiant that the court may consider the motion to quash. (*Franks v. Delaware* (1978), 438 U.S. 154, 156, 57 L. Ed. 2d 667, 672, 98 S. Ct. 2674, 2676.) The granting of the motion to suppress under these circumstances violates the established law of this State and does not meet the burden imposed upon a defendant under *Franks*.

The judgment of the trial court is, therefore, reversed and remanded.

Reversed and remanded.

UNVERZAGT and LINDBERG, JJ., concur.