THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
RONALD ABATA *et al.*, Defendants-Appellees.

Second District   No. 2—87—0081

Opinion filed January 25, 1988.

James E. Ryan, State's Attorney, of Wheaton (Barbara A. Preiner, Assistant State's Attorney, and William L. Browers and Cynthia N. Schneider, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

John N. Pieper and Aldo E. Botti, both of Botti, Marinaccio, DeSalvo & Pieper, Ltd., of Oak Brook, for appellee Kathleen Abata.

Glenn Seiden, of Glenn Seiden & Associates, of Chicago, for appellee Ronald Abata.

JUSTICE REINHARD delivered the opinion of the court:

The State appeals pursuant to Supreme Court Rule 604(a) (107 Ill. 2d R. 604(a)) from the order of the circuit court of Du Page County quashing a search warrant and suppressing certain evidence seized pursuant to that warrant. The issue raised by the State on appeal is whether this court's decision in a previous interlocutory appeal in *People v. Abata* (1985), 136 Ill. App. 3d 57, 482 N.E.2d 1119, bars relitigation of the suppression issue on remand.

The facts pertinent to this appeal may be briefly stated. In 1982, defendants, Kathleen Abata and Ronald Abata, were granted a pretrial hearing pursuant to *Franks v. Delaware* (1978), 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674. Both defendants, as well as other defense witnesses, testified. The police officer/affiant did not testify, and the informant was not identified. Following the trial court's quashing of the warrant and suppression of the evidence, the State appealed. This court, finding that defendants had not met their burden under *Franks*, reversed and remanded. *Abata*, 136 Ill. App. 3d at 63, 482 N.E.2d at 1123-24.

Upon remand, defendants filed a second amended motion seeking to quash the warrant and suppress the evidence. In addition to chal-

lenging again the veracity of the affiant, the motion further alleged that a search of a garage at the residence was invalid as not authorized in the search warrant or by any other lawful means. The State responded by arguing, *inter alia*, that a new hearing would only foster piecemeal litigation contrary to principles of judicial economy. The trial court ruled that this court's decision did not bar a new *Franks* hearing or the introduction of additional evidence at the hearing. The trial court then ordered a new *Franks* hearing but continued the case to allow the State to produce additional evidence.

At the November 6, 1986, hearing, the State presented no additional evidence. The trial court, relying on the same evidence adduced at the first *Franks* hearing, found that defendants met their burden under *Franks*, that is, that they established by a preponderance of the evidence that the affiant had exhibited a reckless disregard for the truth in executing the affidavit for the search warrant. The court thereafter quashed the warrant and suppressed all evidence seized at defendants' residence and garage. The State now appeals that order.

The State contends that this court's prior opinion, which held that defendants had failed to meet their burden under *Franks*, established the law of the case and therefore the trial court was barred from conducting any further hearings on that issue. Defendants respond that this court's reversal was based on the trial court's failure to make a specific finding that the affiant deliberately lied or acted in reckless disregard for the truth rather than that defendants failed to meet their burden of proof. They argue, therefore, that the trial court acted within this court's mandate when it granted the new hearing and made such a finding.

■ Before deciding this issue, we briefly address two preliminary procedural matters raised by defendants. First, they contend that this appeal should be dismissed because the trial court never ruled on the alternative ground for suppression pertaining to the search of the garage and, therefore, the order is not final and appealable.

Defendants cite several cases to support this first contention; however, those cases are inapposite. Those cases hold that an order granting or denying only part of a defendant's requested relief is not a final and appealable order. (See, *e.g.*, *People v. Rembert* (1980), 89 Ill. App. 3d 371, 375, 411 N.E.2d 996.) Such is not the case here. Defendants sought one form of relief, albeit on separate grounds, the suppression of evidence seized at the residence and garage. They received all the relief requested when the trial court granted their motion. The written order specifically suppressed all evidence seized as a result of the search of the residence and the garage. Unlike those

cases cited by defendants, the trial court's order disposed of the entire issue of the admissibility of the challenged evidence; therefore, it was a final order appealable by the State.

■ Defendants' second contention is that the State failed to argue law of the case before the trial court and therefore waived that issue for purposes of appeal. As defendants correctly note, the waiver doctrine applies to the State in a criminal proceeding. (See *People v. O'Neal* (1984), 104 Ill. 2d 399, 407, 472 N.E.2d 441.) Defendant's argument, however, is premised on the State's mislabeling its argument below as "collateral estoppel" rather than "law of the case." An examination of the record reveals that the State presented the same theory below, although with a different label, that it now argues on appeal. The same substantive principles were presented to the trial court, which had an opportunity to address those arguments. We find, therefore, that the State's argument was not waived.

■ As to the principal issue in this appeal, we find the State's contention that the trial court erred in granting a new *Franks* hearing to be dispositive of this case. The law-of-the-case doctrine is designed to promote judicial economy and avoid piecemeal appeals by putting an end to the litigation of a particular issue once it has been decided by an appellate court. (*People v. Lynch* (1987), 151 Ill. App. 3d 987, 993, 503 N.E.2d 857.) If a judgment is reversed and the cause remanded, the trial court must proceed in a manner that conforms to the appellate court's judgment, and if specific directions are not given, then the trial court must determine from the nature of the case what further proceedings are proper and consistent with the opinion. (*Lynch*, 151 Ill. App. 3d at 993, 503 N.E.2d at 861; *People v. Webb* (1982), 109 Ill. App. 3d 328, 330-31, 440 N.E.2d 406.) Furthermore, when a judgment is reversed on appeal, the appellate court's judgment is final upon all issues decided, and those issues may no longer be decided by the trial court. (*People v. Bain* (1973), 10 Ill. App. 3d 363, 364, 293 N.E.2d 758.) Once an issue is decided so as to become the law of the case, it is error for the trial court to hold a new hearing and rule on that issue, and any such ruling will be considered a nullity. *Webb*, 109 Ill. App. 3d at 332, 440 N.E.2d at 409.

■ The trial court in this case erred in granting defendants a second *Franks* hearing. Our first decision clearly determined that defendants had failed to prove by a preponderance of the evidence that the affiant lied or exhibited a reckless disregard for the truth, a necessary requirement under *Franks*. (See *People v. Abata* (1985), 136 Ill. App. 3d 57, 63, 482 N.E.2d 1119.) The issue raised in the original *Franks* hearing was therefore closed to further litigation in

the trial court, and the trial court was obligated to proceed in a manner consistent with our opinion.

■ For the foregoing reasons, we reverse the judgment below and remand for further proceedings consistent with this decision. As the record indicates that the additional ground for suppression of evidence advanced following remand from the first appeal was available to defendant, but not included in his original motion to suppress, it was not properly before the court on remand from the first appeal and may not be pursued on remand from this appeal. (*Cf. People v. Strauser* (1986), 146 Ill. App. 3d 128, 132, 496 N.E.2d 1131 (allows additional motion filed *before* first appeal, but not decided, to be heard upon remand from appeal); *People v. Smith* (1979), 72 Ill. App. 3d 956, 961-62, 390 N.E.2d 1356 (alternative grounds raised but not decided *before* first appeal may be litigated on remand).) To allow defendant on remand to raise additional grounds not originally presented to the trial court for suppression of evidence based on the same search and seizure would foster piecemeal appeals contrary to the promotion of judicial economy. See *People v. Lentini* (1982), 106 Ill. App. 3d 695, 704, 435 N.E.2d 1280.

Reversed and remanded with directions.

NASH and DUNN, JJ., concur.