NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 210389-U

NO. 4-21-0389

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
November 4, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Macon County |
| RANDALL D. ROBERSON, | ) | No. 13CF901 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jeffrey S. Geisler, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE KNECHT delivered the judgment of the court.
Justice Turner concurred in the judgment.
Justice Steigmann dissented.

**ORDER**

¶ 1    *Held*:   We deny the Office of the State Appellate Defender's motion to withdraw as
            appellate counsel without prejudice.

¶ 2    This case comes to us on the motion of the Office of the State Appellate Defender

(OSAD) to withdraw its representation of defendant on the ground no meritorious issue can be

raised on appeal. For the reasons that follow, we deny OSAD's motion to withdraw without

prejudice.

¶ 3                                    I. BACKGROUND

¶ 4    In July 2013, law enforcement took defendant into custody on six offenses:

unlawful criminal drug conspiracy (720 ILCS 570/405.1 (West 2012)); armed violence (720

ILCS 5/33A-2(a), 33A-3(a) (West 2012)); being an armed habitual criminal (720 ILCS

5/24-1.7(a) (West 2012)); unlawful possession of a controlled substance with intent to deliver,

with prior unlawful-possession-of-controlled-substance conviction (720 ILCS 570/401(a)(2)(B) (West 2012)); and two counts of unlawful delivery of a controlled substance (720 ILCS 570/401(c)(2) (West 2012)).

¶ 5        On August 2, 2013, defendant asked for a public defender. The trial court granted the request and continued the cause without objection to August 14, 2013, for a preliminary hearing. On August 14, 2013, the trial court found probable cause to believe defendant had committed a felony and set the cause for a pretrial hearing on September 11, 2013. On that date, the parties agreed to continue the matter with no reason given. On October 23, 2013, defense counsel told the court there was a co-defendant in the case the State might wish to give priority to and agreed to a "one time" continuance.

¶ 6        On November 20, 2013, citing a lack of communication from counsel, defendant filed a motion to remove his defense counsel and be appointed a new public defender. As part of his allegations, defendant alleged he had been incarcerated for four months and counsel's failure to communicate left him in limbo regarding his right to a speedy trial.

¶ 7        On November 27, 2013, only the State appeared, and the trial court stated defense counsel recently had a surgical procedure and could not physically attend court. The court stated if there were any delays, they could be for that reason. On December 4, 2013, defense counsel told the court the parties were still in discovery, and they were continuing the case by agreement. The court advised counsel of defendant's pleading and stated, "[I]f counsel reviews it and thinks he needs a *Krankel* hearing, I'll leave it up to you to advise the court." Counsel never did so.

¶ 8        On January 8, 2014, defense counsel told the court defendant wanted to get a trial date set but counsel had concerns about issues with co-defendants in the case and a conflict with another hearing date. On the motion of the defense, the court continued the matter to January 23,

2014. On that date, the matter was again continued at the request of defense counsel because of outstanding issues concerning the status of counsel for co-defendants.

¶ 9        On February 13, 2013, defense counsel told the court defendant wanted a trial date and "prefers not to sit there another 30 days waiting on counsel for somebody else." Defense counsel asked for a date in April 2013, and the court noted availability March 31, 2013, through April 4, 2013. However, defense counsel stated he was "trying to be out of the country" at that time. The court then set trial for May 5, 2013, "[o]n motion of defendant."

¶ 10        On April 21, 2014, defendant filed a *pro se* a written speedy-trial demand, stating he asked his counsel to move for a speedy trial and counsel was constantly asking for continuances without his consent. Defendant also stated he had seen or talked to counsel only twice over nine months. He further wrote he was not allowed to go to pretrial hearings, so when counsel appeared, defendant was unable to have any say about the continuances sought by defense counsel or the State. The court struck the pleading because defendant had representation.

¶ 11        On May 5, 2014, the State sought a continuance. The court noted "[s]ome of this stuff needs to get resolved." The court continued the matter over defendant's objection. On May 13, 2014, the case was continued by agreement because defense counsel had yet to obtain "some video." Defense counsel asked for a trial date the first week in June, stating he would be away the rest of June. The State responded it had eight trials in June, one of which both the State and the court noted "has to go." Defense counsel then conferred with defendant and told the court defendant would waive a jury trial and ask for a bench trial. After a discussion of the wisdom of seeking a bench trial when video evidence had not yet been turned over from the State and based on the court's availability, defense counsel asked for a new status date to view the video and decide. The court continued the matter to May 20, 2014, by agreement. On that date, defendant

told the court he wanted a jury trial. The court set a pretrial date for May 28, 2014. On that date, defense counsel stated "[w]e need a trial date," and trial was set for July 22, 2014.

¶ 12    On July 22, 2014, the State sought to continue. When asked if there was an objection, defense counsel stated: "[N]ormally I would, but in this case—I got the other one. It's much older. It's set for tomorrow. This is much longer than a one-day trial. However, my client just informed me that he would like to waive jury and get a bench trial date." Defendant then waived his right to a jury, and the court transferred the case to another judge for a bench trial.

¶ 13    On September 12, 2014, the State filed a motion to continue because it had not received all lab results. Defense counsel objected. The parties indicated a date in November would not violate statutory speedy-trial provisions, and the court set trial for November 13, 2014. On November 12, 2014, the court continued trial at defense counsel's request so he could file a motion to suppress.

¶ 14    On December 3, 2014, defendant filed a motion challenging the search warrant. On January 8, 2015, the court denied the motion and set trial for February 20, 2015. On January 15, 2015, the State requested a different date because of a witness's unavailability. Defense counsel objected. Trial was rescheduled for March 25, 2015. On January 16, 2015, the State moved to release defendant on a recognizance bond because it discovered there would be a statutory speedy-trial issue with the March trial date. The court granted the motion.

¶ 15    On March 25, 2015, trial was continued at defense counsel's request. Counsel stated, "[I]t took a little bit to track [defendant] down" and there was "a little bit" counsel needed to get ready for trial. After additional delays, trial was set for July 15, 2015. On that date, a new public defender appeared and sought a new trial date because counsel had met defendant for the first time that day. The cause was continued on defendant's motion for an August 19, 2015, trial.

Between that date and February 1, 2016, the cause was again continued multiple times by agreement or at defense counsel's request. On February 1, 2016, a bench trial was held.

¶ 16    The trial court found defendant guilty of five charges and sentenced defendant to an aggregate term of 30 years' incarceration. A recitation of the facts of the bench trial are unnecessary for resolution of this motion.

¶ 17    Defendant appealed, arguing multiple errors, including whether he was denied his right to a speedy trial. We affirmed in part and vacated in part. *People v. Roberson*, 2020 IL App (4th) 160830-U, ¶ 133. Regarding defendant's speedy-trial claim, we noted appellate counsel simply asserted defendant was in custody more than 120 days and "no exceptions" were noted. Appellate counsel did not develop the argument and failed to provide record citations, authority, or argument in support of the speedy-trial claim. Accordingly, we held the argument was forfeited for failure to comply with Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020). *Id.* ¶ 111.

¶ 18    On March 29, 2021, defendant filed a *pro se* postconviction petition challenging the judgment. He asserted multiple claims, including the question of whether he was "denied his constitutional right to a speedy trial." Although labeled as a constitutional speedy-trial claim, defendant first argued he was not brought to trial within 120 days, thus presenting a statutory claim. See 725 ILCS 5/103-5(a) (West 2020). However, he next argued a constitutional speedy-trial violation, alleging the length of the delay was presumptively prejudicial and addressing factors relevant to a constitutional speedy-trial claim. See *Barker v. Wingo*, 407 U.S. 514, 530 (1972). He also noted he made multiple complaints about trial counsel, attempted to demand trial *pro se*, and asserted counsel refused to move for a speedy trial when defendant

requested it. Defendant asserted ineffective assistance of both trial and appellate counsel regarding his speedy-trial claim.

¶ 19        Defendant included as an exhibit a notarized letter addressed to the trial court, dated October 21, 2014, expressing concerns his counsel was neglecting the case, requesting unnecessary continuances, and refusing to seek a speedy trial as requested by defendant. He included a notarized affidavit stating the allegations in his petition were true to the best of his knowledge.

¶ 20        On June 29, 2021, the trial court summarily dismissed the petition. Without analysis, the trial court wrote: "A review of the record does not show a violation of the Defendant's speedy trial right." Defendant appealed, and this court appointed OSAD as appellate counsel.

¶ 21        Pursuant to *People v. Greer*, 212 Ill. 2d 192, 212 (2004) and *People v. White*, 2020 IL App (4th) 160793, ¶¶ 42-49, OSAD moves to withdraw as counsel asserting it (1) read the record on appeal; (2) reviewed the facts and applicable law; and (3) discussed the case with another attorney. OSAD concludes an appeal in this case would be without arguable merit. We granted defendant leave to file additional points and authorities, and he has responded. The State has also filed a brief, and defendant has filed a reply brief. After reviewing the briefs, we deny OSAD's motion to withdraw without prejudice.

¶ 22                                II. ANALYSIS

¶ 23        OSAD asserts the claims raised in defendant's postconviction petition do not have an arguable basis in law or fact. However, in doing so, OSAD did not address defendant's constitutional speedy-trial claim. Instead, OSAD focused solely on defendant's statutory speedy-trial arguments.

¶ 24        The Post-Conviction Hearing Act (Act) provides a remedy to criminal defendants who demonstrate a violation of their constitutional rights. 725 ILCS 5/122-1 *et seq.* (West 2020). At the first stage of a postconviction proceeding, the trial court must determine whether the petition is frivolous or patently without merit. *Id.* § 2-2.1(a)(2). "[A] *pro se* petition seeking postconviction relief under the Act for a denial of constitutional rights may be summarily dismissed as frivolous or patently without merit only if the petition has no arguable basis either in law or in fact." *People v. Hodges*, 234 Ill. 2d 1, 11-12 (2009). A petition lacks an arguable factual basis when it is based on a fanciful factual allegation, such as one that is clearly baseless, fantastic, or delusional. *Id.* at 16-17. A petition lacks an arguable legal basis when it is based on an indisputably meritless legal theory, such as one that is completely contradicted by the record. *Id.* at 16.

¶ 25        At the first stage, the allegations in the petition, when taken as true and liberally construed, must present the gist of a constitutional claim. *People v. Hatter*, 2021 IL 125981, ¶ 24. "Thus, to survive summary dismissal, a petitioner is only required to include a limited amount of detail and need not present formal legal arguments or citations to legal authority." *Id.*¶ 24. "An allegation in a postconviction petition must be based on factual allegations and not mere conclusory statements." *People v. Ivy*, 313 Ill. App. 3d 1011, 1019 (2000). The petition must be both (1) verified by affidavit and (2) supported by "affidavits, records, or other evidence supporting its allegations" (emphasis omitted), or, if not available, the petition must explain why. 725 ILCS 5/122-2 (West 2018); *People v. Collins*, 202 Ill. 2d 59, 65 (2002). If a postconviction petition is found to be frivolous or patently without merit, a trial court may summarily dismiss it within 90 days of its filing. *People v. Edwards*, 197 Ill. 2d 239, 244 (2001). Our review of the

first-stage dismissal of a postconviction petition is *de novo*. *People v. Dunlap*, 2011 IL App (4th) 100595, ¶ 20.

¶ 26     The right to a speedy trial is guaranteed by the United States Constitution and the Illinois Constitution. U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, § 8. A criminal defendant in Illinois also has a statutory right to a speedy trial. 725 ILCS 5/103-5 (West 2020). The constitutional and statutory rights to a speedy trial are not necessarily coextensive. *People v. Campa*, 217 Ill. 2d 243, 250 (2005).

¶ 27     There are four factors that must be balanced to determine whether a defendant's constitutional right to a speedy trial has been violated: (1) the length of the delay; (2) the defendant's assertion of the right; (3) the reasons for the delay; and (4) the prejudice to the defendant. *Barker*, 407 U.S. at 530; *People v. Bazzell*, 68 Ill. 2d 177, 182 (1977). "Once the [*Barker*] factors have been considered, 'courts must still engage in a difficult and sensitive balancing process.' " *People v. Crane*, 195 Ill. 2d 42, 60 (2001) (quoting *Barker*, 407 U.S. at 533). Each factor must be weighed and considered in light of the circumstances of the case as reflected in the record. *Bazzell*, 68 Ill. 2d at 182-83. However, "[a]ll four factors are closely related" and no one factor is dispositive. *Crane*, 195 Ill. 2d at 52. Because "a certain amount of delay is 'inevitable and wholly justifiable' [citation], a speedy-trial inquiry will not be triggered unless the complained-of delay crosses the threshold from ordinary to ' "presumptively prejudicial." ' [Citations.]" *Id.* Thus, the first factor considered is the length of the delay. *Id.*

¶ 28     "In general, courts have recognized a delay approaching one year to be 'presumptively prejudicial.' " *Id.* at 52-53 (quoting *Barker*, 407 U.S. at 530-31). A finding of presumptive prejudice, however, does not imply that the delay will be found to have actually prejudiced the defendant. Rather, it simply marks the point at which courts deem the delay

unreasonable enough to trigger the full *Barker* inquiry. *Id.* at 53; *People v. Prince*, 242 Ill. App. 3d 1003, 1008 (1993). The weight to be accorded the reasons cited by the State for the delay is dependent on the particular circumstances of the case, such that deliberate delays are weighted heavily and negligence is weighted a little less heavily. *Barker*, 407 U.S. at 531. Whether and how a defendant asserts his right is also a factor. *Id.* Finally, in assessing the prejudice factor, courts are to consider the interests of defendants that the speedy-trial right was designed to protect: (1) preventing undue and oppressive incarceration, (2) minimizing the anxiety and concern that accompanies public accusations, and (3) limiting the possibility that the defense will be impaired. *Id.* at 532.

¶ 29    Here OSAD's motion to withdraw focused solely on defendant's statutory speedy-trial right and failed to address his constitutional speedy-trial claim or ineffective assistance of counsel in relation to that claim. OSAD has not explained how defendant's postconviction assertions were frivolous and patently without merit when he alleged a delay of over 2½ years from the date of arrest to the date of trial, alleged the application of additional factors, provided allegations of fact to support those factors, and included an exhibit in support of his argument. Since OSAD's motion to withdraw as counsel failed to address all of defendant's claims, we deny OSAD's motion without prejudice.

¶ 30                                    III. CONCLUSION

¶ 31    For the reasons stated, we deny without prejudice OSAD's motion to withdraw as counsel. If OSAD finds no colorable claim of error can be made as to the trial court's ruling on defendant's constitutional speedy-trial claim, then OSAD may file a new motion to withdraw. If a new motion is not filed within 28 days, this court will reestablish the briefing schedule.

¶ 32    Motion denied without prejudice.

¶ 33    JUSTICE STEIGMANN, dissenting:

¶ 34    Because I disagree with my distinguished colleagues in the majority, I respectfully dissent from the decision in this case to deny OSAD's motion to withdraw.

¶ 35    First, OSAD generally does an excellent job and carefully scrutinizes all motions to withdraw before they are filed. This case appears to have followed that pattern.

¶ 36    Second, I think it is a valuable service to this court for OSAD to file motions to withdraw when that agency, after careful review, thinks that action appropriate. Its doing so (1) saves this court a lot of time and energy and (2) suggests, at a minimum, that cases in which OSAD has *not* filed such a motion have (at least in OSAD's eyes) colorable claims to be made.

¶ 37    Third, on the merits of this particular case, I disagree that OSAD has not addressed the constitutional speedy trial claim, as well as the statutory speedy trial claim. On pages 26 and 27 of OSAD's memorandum in support of its motion to withdraw, OSAD discusses defendant's claim "that his right to a speedy trial was violated by his trial counsel's ineffectiveness in failing to move for a dismissal on speedy trial grounds." Although it is true that OSAD later refers explicitly only to the statutory speedy trial grounds, that does not support the contention that OSAD was unaware of, and did not address, any constitutional speedy trial claim. For instance, OSAD concludes its discussion on this point by noting that "a review of the trial transcript from the preliminary hearing to the commencement of [defendant's] trial shows no 120-day violation where all but one of the continuances were agreed to by the defense."

¶ 38    Assuming this statement is correct (and the majority's denial of OSAD's motion does not question that statement), then OSAD's motion should be granted.

¶ 39        A consideration of a defendant's claim that his constitutional right to a speedy trial was violated is typically subsumed into his claim of a statutory violation of that right. And that makes sense, given that the 120-day rule is almost always considerably shorter than the time period in which the constitution requires a defendant to be brought to trial. Indeed, I do not recall any case in which a court concluded that a defendant's constitutional right to a speedy trial was violated while his statutory right was not.

¶ 40        Referring back to the last quoted statement from OSAD's motion, if OSAD is correct that all but one of the continuances in this case were agreed to by the defense, then I do not see how it is possible that defendant's constitutional right to a speedy trial was violated.

¶ 41        I acknowledge that OSAD could have avoided this whole issue if it had added to its motion a reference explicitly stating it had considered both defendant's constitutional and statutory right to a speedy trial, but that minor and (in my view) technical omission is surely too thin a reed to support the extremely harsh action of this court to deny OSAD's motion to withdraw.

¶ 42        I respectfully dissent.